**UNITED STATES of America, Plaintiff,**

v.

**Hector MARIN and Aida Serna Barreto, Defendants.**

**No. 83 CR 417.**

United States District Court, N.D. Illinois, E.D.

Oct. 30, 1985.

On Motion to Reconsider Jan. 6, 1986.

Robert B. Breisblatt, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

Steven B. Muslin, Michael Wilke, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

McGARR, Chief Judge.

The defendant, Aida Serna Barreto, was convicted after a bench trial before The Honorable Stanley J. Roszkowski on September 5, 1983, and sentenced to five years incarceration. Her conviction was affirmed by the Seventh Circuit Court of Appeals and the mandate issued on May 30, 1985. Since that time, defendant has remained at large pending the resolution of certain post-trial motions, the final disposition of which is the purpose of this opinion.

The following facts have been asserted by defendant Barreto and established in hearings before the court. They are the fact that defendant was represented at her trial by attorney Martin Schachter, who for a period before and during her trial, was under criminal investigation by the United States Attorney's Office, and as a potential defendant, was cooperating with the United States Attorney in an attempt to avoid indictment. Testimony of Mr. Schachter in another context reveals that at the time of the trial, for reasons stated above, he was suffering from a great deal of personal anxiety, which the defendant feels may have contributed to what she regards as ineffectual defense. She further argues that the United States Attorney's Office was not in a position to discuss a plea agreement on defendant's case, nor was Mr. Schachter in a position to insist upon or discuss such an agreement, because of the highly unusual nature of the then relationship of attorney Schachter and the United States Attorney's Office.

For the foregoing reasons, it is the contention of defendant Barreto that she was denied the effective assistance of counsel, which is guaranteed to her by the Sixth Amendment to the Constitution of the United States.

On Aida Serna Barreto's behalf, new counsel substituting for previously mentioned attorney Schachter, filed a motion for a new trial, sought to subpoena certain of the government's records in connection with her trial before Judge Roszkowski, and sought an evidentiary hearing on the question of the competence of counsel Schachter to represent her. It is Barreto's contention that Schachter's agitation over his potential involvement in criminal accusations, and the conflict of interest arising out of his negotiations with the government on his own behalf, and his efforts to cooperate with the government in order to persuade the U.S. Attorney to leave him unindicted in return for his testimony against others, made impossible the fulfillment of his obligation of total and undivided loyalty to his client, Barreto.

No serious disagreement as to the facts arose during the several hearings and conferences with the court on this case due largely to the expected, but nonetheless commendable, cooperation of the attorney for the government, Mr. Robert B. Breisblatt, in agreeing with counsel for Barreto on the salient facts necessary to the resolution of this matter.

Among those facts accepted by the court is the fact that the prosecution of Ms. Barreto and her codefendant and the conviction obtained, took place while AUSA Breisblatt was totally unaware of the involvement of Mr. Schachter, the defense attorney, with another assistant U.S. attorney concerning his potential criminal liability referred to above. Mr. Breisblatt argued further that there could have been no effect on the decision of the government to discuss a plea bargain with Ms. Barreto since it was his unvarying policy and that of his office, that upon the filing of a motion to suppress and the setting by the court of a hearing on the motion to sup-

press to be followed immediately by the trial, no plea bargaining was ever engaged in.

■ The court has examined the record of the trial and does not find from that record any evidence that Mr. Schachter did less than a competent and lawyer-like job for Ms. Barreto. One enters the area of fruitless speculation, however, as to whether in another circumstance he might have done a better job, followed other tactics than utilized at the trial, called or not called witnesses; all imponderables incapable of resolution.

Concluding, therefore, that Ms. Barreto had competent representation as evidenced from a reading of the trial record, the issue before the court is reduced to one of whether, in a factual situation where her attorney at the time of trial was under investigation by the United States Attorney's Office and was seeking to negotiate his way out of his own potential indictment by cooperating with the government, a circumstance of which Ms. Barreto was never informed, he was able to give his client the undivided loyalty and total dedication which the attorney-client relationship requires.

It is possible that Ms. Barreto, having been informed of her attorney's situation, might have expressed her confidence in him by agreeing that his extraneous relationship with the government did not, in her judgment, interfere with his ability to represent her. Had that disclosure been made to her and had she so agreed, the problem would not now be before the court. But this was not done and the problem is before the court.

■ It is the conclusion of the court that during the course of Ms. Barreto's trial, her attorney, in his desire to ingratiate himself with representatives of the U.S. Attorney's Office or in his fear of offending them in the course of his negotiations seeking consideration for himself from them, *may* have done less than he might otherwise have done for his client, Ms. Barreto. There is nothing in the record which

makes it clear that this was the fact, but as long as the possibility exists and the basis for such speculation may reasonably be indulged, it is the conclusion of the court that Ms. Barreto might not have had the full and effective assistance of counsel to which she was entitled.

Convictions should not be allowed to stand, nor sentences be served in the presence of such doubt. For the foregoing reasons, therefore, the motion of Aida Serna Barreto for a new trial is granted. The judgment of guilt heretofore entered, and her conviction and sentence are vacated and the parties are instructed to appear before this court at 10:00 a.m. on November 21, 1985, for a status report and a setting of the case for trial.

■ It is of some importance to state in this opinion that the court does not conclude from the record before it that Assistant U.S. Attorney Robert B. Breisblatt acted in any improper manner. The question of whether the United States Attorney or any of his assistants should have informed Mr. Breisblatt or the court of its dealings with attorney Schachter in the light of the secrecy then surrounding the *Greylord* investigation with which Schachter was involved, has not been presented to the court and need not be and is not the decided in this opinion.

## ON MOTION TO RECONSIDER

The court has before it the government's motion to reconsider an earlier opinion setting aside the conviction of defendant Barreto. It is the thrust of the government's motion that the court failed to advert to the Supreme Court opinion in *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980), which case, as the government sees it, requires not only the finding by the court of a situation creating a potential conflict of interest, but requires that the defendant show that an actual conflict of interest adversely affected her lawyer's performance.

The government misreads the *Cuyler* case. In that case, the defendant had

raised no objection to a multiple representation—potential conflict of interest situation, and the Supreme Court concluded that in that state of the record it was inappropriate for the court of appeals to presume a conflict of interest in the absence of any showing thereof. It is the essence of the *Cuyler* case that the court of appeals cannot find a conflict of interest on a record below in which the trial judge never became involved, either by motion or *sua sponte*, in the conflict question.

The case before this court is still before this court and upon learning of the situation creating the spectre of conflict, counsel for the defendant promptly brought it to the attention of the court, who after a hearing, decided that the potential for conflict was sufficiently great to impinge upon defendant's right to effective assistance of counsel.

Therefore, despite the strong language of the majority in *Cuyler*, tempered considerably by the confusion engendered by a variety of partially concurring and dissenting opinions, this court remains convinced that upon the record before it, it cannot find that Aida Barreto was not denied effective assistance of counsel, thus compelling the result heretofore reached.

In arguing from the *Cuyler* case that it is the burden of the defendant to demonstrate that her attorney's conflict of interest had an actual effect on his performance at trial, the government is thrusting upon defendant an impossible burden and upon the court, an impossible decision. It is true that the court has found that counsel for Aida Barreto did a competent job. It is equally true that it is impossible to determine whether under different circumstances he might have done a different and/or better job. As was said earlier, the decision whether Aida Barreto should serve a five-year sentence already imposed, or enjoy the benefit of a new trial, should not rest on such speculation.

For the foregoing reasons, the government's motion to reconsider is denied.